WINNIE DUDLEY, AS ADMINISTRATRIX OF THE GOODS, CHATTELS AND EFFECTS OF RAYMOND L. DUDLEY, DECEASED, AND AS ADMINISTRATRIX *AD PROSE-QUENDUM* OF RAYMOND L. DUDLEY, DECEASED, PLAINTIFF-RESPONENT, v. VICTOR LYNN LINES, INC., A CORPORATION, DEFENDANT-APPELLANT.

Argued September 9, 1958—Reargued January 6, 1959—Decided January 20, 1959.

Mr. *William R. Morrison* argued the cause for appellant Victor Lynn Lines, Inc. (*Messrs. Morrison, Lloyd & Griggs,* attorneys).

Mr. *Aaron Gordon* argued the cause for respondent (*Messrs. Hirschberg, Nashel, Zorn & Cronson,* attorneys; *Mr. Aaron Gordon,* of counsel).

*Messrs. Carpenter, Bennett & Morrissey* filed a brief *amicus curiae* for workmen's compensation insurance carrier of defendant-appellant Victor Lynn Lines, Inc. (*Mr. Carl S. Kuebler,* of counsel).

The opinion of the court was delivered

PER CURIAM. Deceased died from a heart attack experienced while he was physically in the course of his employment. A death action was instituted at law on the thesis that the claim was beyond article 2 of the Workmen's Compensation Act. Plaintiff contended the defendant employer negligently failed to furnish medical aid (1) despite the demands of the "humane instincts doctrine" and (2) despite a voluntary undertaking to furnish such aid. The trial court ordered judgment for defendant. The Appellate Division reversed, finding the evidence insufficient as to (1) but adequate for jury consideration as to (2). *Dudley v. Victor Lynn Lines, Inc.,* 48 *N. J. Super.* 457 (*App. Div.* 1958). We granted defendant's petition for certification. 26 *N. J.* 305 (1958).

At the trial defendant moved to dismiss on the ground that the compensation remedy was exclusive in view of the charge in the complaint that the heart attack was due to unusual work effort. Plaintiff offered no proof in support of that allegation. Defendant does not concede a work-connection in this case, and in its answer to a pending petition for workmen's compensation benefits it denies any connection.

We requested argument upon the question whether, if it be assumed there is no connection between the work and

the attack, plaintiff's claim upon theses (1) or (2) described above is nonetheless within the Compensation Act. Plaintiff contends it is not within the act, while defendant argues that it is. We directed reargument and invited a brief *amicus curiae* from counsel defending the compensation proceeding. It so happens the carrier in both matters is one and the same. The carrier, speaking through counsel in this cause, maintains the alleged claim is within the compensation law, but speaking through its counsel in the compensation matter it argues to the contrary and thus joins ranks with counsel for plaintiff on this question.

The issue thus projected is important. We feel it should not be decided unless the facts of a case imperatively so require. Under the unusual circumstances of this case we feel the just and proper course is to hold this appeal pending trial of the compensation case upon the thesis of work-connection between the employment and the heart attack under *Ciuba v. Irvington Varnish & Insulator Co.*, 27 *N. J.* 127 (1958), and as well upon the concepts (1) and (2) described above. If work-connection should be found with respect to the heart attack, the remaining issues will be academic, since we have no doubt that if the heart attack is a compensable event, plaintiff may not mount an additional claim at law upon the theory that but for a negligent failure to give medical aid the employee would have lived. If, on the other hand, the heart attack as such was not compensable, the remaining issues will require consideration in the light of the full factual findings thereon made by the Division. After initiating an appeal from the Division's judgment, either party may immediately petition this court for certification of the matter. The present appeal will be held pending such further proceedings.

*For holding appeal*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*Opposed*—None.